# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LEZLIE NOEL CERAN,<br><br>    Plaintiff,<br><br>vs.<br><br>STANLEY ROSS SHERMAN,<br><br>    Defendant. | No. 19-CV-2066-MAR<br><br>**MEMORANDUM, ORDER, and OPINION** |

_____

This matter is before the Court on Plaintiff's pro se emergency motion for service by the U.S. Marshals. (Doc. 8.)

On October 22, 2019, the Court entered an order granting Plaintiff in forma pauperis status. (Doc. 4.) Under 28 U.S.C. § 1915(d), when a plaintiff proceeds in forma pauperis, officers of the Court shall issue and prepare the summons and deliver the complaint and summons to the U.S. Marshals Service for service. *See Wright v. First Student, Inc.*, 710 F.3d 782 (8th Cir. 2013), stating, "[t]he officers of the court shall issue and serve all process, and perform all duties in [cases where a plaintiff is proceeding in forma pauperis]"). Fed. R. Civ. P. 4(c)(3) also states that when a plaintiff proceeds in forma pauperis, the Court must order service be made by the U.S. Marshals Service or by a person specially appointed by the Court. In this case, consistent with the Court's standard practice, the Court attempted to send Defendant a waiver of service form prior to ordering service via the U.S. Marshal's Service. *See* Doc. 4 at 3, stating, "[a]ccordingly, the Clerk's Office is directed to serve, via certified mail, the complaint (Doc. No. 1), a copy of this order, and a waiver of service of summons form on the defendant at the address as listed in the complaint." Defendant did not respond, and no one accepted the certified package.

In her motion, Plaintiff states that Defendant is traveling away from the address provided in the complaint, but is currently located at the Brunswick Landing Marina, 1 Torras Landing, Brunswick, GA 31520. Accordingly, Plaintiff's motion (Doc. 8) is **granted**. The Clerk of Court's Office shall prepare the summons and provide it, along with a copy of the complaint and this order, to the U.S. Marshals Service. The U.S. Marshals Service shall attempt to serve the summons and complaint on Defendant at that address listed above. Service shall be completed by January 7, 2020, and a return of service shall be filed by January 21, 2020.[1] If no answer or other responsive pleading is filed by Defendant within 21 days after being served with the summons and complaint, plaintiff may move for a default judgment, pursuant to Fed. R. Civ. P. 55, or file any other appropriate motion.

Finally, in her complaint, Plaintiff states that she is concerned that the 90-day window for service under Fed. R. Civ. P. 4 is running out. The Court notes that Plaintiff likely has good cause to extend the 90-days.

> *See Wright*, 710 F.3d at 783-84 (vacating the district court's dismissal of a complaint for untimely service of process where the plaintiff was proceeding in forma pauperis and remanding for a hearing on the reason for the delay in service; stating, "if the delay in service was the result of a delay by court staff or the USMS in fulfilling their obligations, [the plaintiff's] complaint should not have been dismissed under Rule 4(m)"); *Heyne v. Mitsubishi Motors N. Am., Inc.*, No. 8:12-CV-421, 2014 WL 3670953, at *4 (D. Neb. July 23, 2014) ("[S]o long as the plaintiff has provided the necessary information, the Marshals' failure to effect service is automatically good cause within the meaning of Rule 4(m) for failing to serve process.") (citing *Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997)); *Gibbons v. Pilcher*, Civ. No. 12–5035–JLV, 2013 WL 4647502, at *13 (D. S.D. Aug. 29, 2013) (noting that "[w]hen the Marshal

---

[1] In the alternative, the U.S. Marshal's Service shall file a notice if it is unable to serve the complaint by that date.

fails to properly effectuate service of process, the in forma pauperis litigant should not be penalized for that failure").

*Weakley v. Permalok Corp.*, 2019 WL 5864227, at *3 (E.D. Mo. 2019).[2]

IT IS SO ORDERED this 19th day of December, 2019.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

---

[2] However, Plaintiff's in forma pauperis status does not completely relieve her of any responsibilities under the Federal Rules of Civil Procedure. Heretofore, Plaintiff has provided an address for Defendant, and a timely update when that address allegedly changed. To comply with her obligation under rules, Plaintiff must continue to take reasonable steps to identity the Defendant's location. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *see also Moore v. Jackson*, 123 F.3d 1082, 1085–86 (8th Cir. 1997) ("so long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause with the meaning of [Fed.R.Civ.P. 4(m)].") (citation omitted).